BRIDGES, P.J.,
for the Court.
¶ 1. On April 26, 2002, Nathaniel and Cynthia Jackson filed a complaint in the Jackson County Circuit Court. In their complaint, the Jacksons alleged that on April 28, 1999, Amelia Hodge negligently ran a stop sign and collided with the Jack-sons, who suffered damages as a result. Hodge filed her answer on August 28, 2002, and followed with a motion for summary judgment on July 17, 2003. The circuit court granted Hodge’s motion for summary judgment and entered judgment accordingly. Aggrieved, the Jacksons appeal and advance the following issue:
I. Are employees whose actions constitute a criminal offense afforded immunity under Miss.Code Ann. § 11-46-7(2)?
Finding no error, we affirm.
FACTS
¶ 2. On April 28, 1999, the Jacksons were involved in an automobile collision with Hodge. Hodge was driving a car owned by her brother, Anthony Webb. The Jacksons attempted to negotiate a settlement with Hodge’s insurer for almost three years. Since the parties could not come to an agreement, the Jacksons filed their complaint.
¶ 3. During discovery, the Jacksons learned that Hodge was working for Singing River Mental Health Services at the time of the accident. Hodge’s duties included driving Singing River patients around to help see to their personal needs. At the time of the collision with the Jack-sons, Hodge was returning a patient to the patient’s home after helping the patient with some errands. As a condition to her employment, Hodge had to furnish her own vehicle and insure her vehicle.
¶ 4. When Hodge filed her motion for summary judgment, she claimed that she was employed by a governmental entity and that any action against her failed because the Jacksons did not comply with the Mississippi Tort Claims Act.
STANDARD OF REVIEW
¶ 5. This Court conducts a de novo review of a trial court’s grant of summary judgment. Reynolds v. Amerada Hess Corp., 778 So.2d 759(¶ 9) (Miss.2000). Thus, this Court applies the same standard that the trial court employed under Rule 56© of the Mississippi Rules of Civil Procedure. Id. (citing 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure *627 § 2716 (1983 & Supp.1988)). We view the evidence in the light most favorable to the non-moving party, and the non-moving party is to be given the benefit of every reasonable doubt. Id. Hodge bears the burden of demonstrating that no genuine issue of fact exists. Id. However, this burden is one of production and persuasion, not of proof. Id. (citing Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss.1988)). Summary judgment is proper only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Id. (citing M.R.C.P. 56©). “This Court does not try issues on a Rule 56 motion, it only determines whether there are issues to be tried.” Id. (citing M.R.C.P. 56 cmt.).
ANALYSIS
I. Are employees whose actions constitute a criminal offense afforded immunity under Miss.Code Ann. § 11-46-7(2)?
¶ 6. The Jacksons argue that the circuit court erred in granting Hodge’s motion for summary judgment because, as a matter of law, Hodge is not entitled to protection under the Mississippi Tort Claims Act. According to the Jacksons, Hodge is not entitled to immunity under the Mississippi Tort Claims Act because Hodge was not acting in the course and scope of her employment when she ran a stop sign. The Jacksons claim that Hodge could not be acting in the course and scope of her employment when she ran a stop sign because the act of running a stop sign is a criminal offense.
¶ 7. Pursuant to Section 11-46-7(2) of the Mississippi Code:
An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee’s duties. For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee’s conduct constituted fraud, malice, libel, slander, defamation or any criminal offense.
Miss.Code Ann. § 11-46-7(2) (Rev.2002).
¶ 8. So, the Jacksons are correct when they assert that an employee of the State of Mississippi who commits a criminal offense does not act within the course and scope of his employment. However, the question of whether running a stop sign constitutes “any criminal offense” is resolved by other provisions of the Mississippi Tort Claims Act. According to Section 11-46-5(2) of the Mississippi Code:
For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee’s conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.
(emphasis added).
¶ 9. Thus, the Mississippi Tort Claims Act specifically excepts traffic violations from “any criminal offense” that would constitute those acts that lie outside the course and scope of employment. That is, a government employee who commits a traffic violation does not act outside the course and scope of his or her employment. Accordingly, there is no issue of material fact that Hodge, by running a stop sign, was not acting outside the course and scope of her employment with Singing River Mental Health Services. It *628 is undisputed that the Jacksons did not comply with the one year statute of limitations that accompanies actions under the Mississippi Tort Claims Act. Miss.Code Ann. § 11-46-11(3) (Rev.2002). As such, the circuit court correctly granted Hodge’s motion for summary judgment.
¶ 10. The Jacksons state that they had no way of determining that Hodge was an employee of a governmental entity prior to filing suit. Additionally, the Jacksons state that they had no way of knowing that Hodge, diiving her brother’s unmarked vehicle, was working in the course and scope of her employment at the time of the accident. While it is troubling to think that a government employee, driving an unmarked vehicle, could enter into settlement negotiations for nearly three years and then file a motion for summary judgment and allege that the plaintiffs, who had no way of knowing that the defendant is a government employee, failed to follow the notice requirements of the Mississippi Tort Claims Act, that issue is not the basis of the Jacksons’s appeal. The Jacksons appeal on the sole basis that the act of running a stop sign prohibits a finding that a government employee was acting in the course and scope of her employment. Because the authority listed above is clearly contrary to the Jacksons claim, we affirm the decision of the circuit court.
¶11. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. GRIFFIS, J., CONCURS IN RESULT ONLY.